UNITED STATES of America,
Appellant,

v.

DELUXE CLEANERS AND
LAUNDRY, INC., Appellee.

No. 74–1322.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1974.

Decided March 4, 1975.

Karen K. Siegel, Atty., U. S. Dept. of Justice (Carla A. Hills, Asst. Atty. Gen., New York City, John K. Grisso, U. S. Atty., and Robert E. Kopp, Atty., U. S. Dept. of Justice, on brief), for appellant.

James E. Hunter, West Columbia, S. C., for appellee.

Before BUTZNER and FIELD, Circuit Judges, and THOMSEN, District Judge.

FIELD, Circuit Judge:

The question presented on this appeal is whether an action instituted by the United States pursuant to the Service Contract Act of 1965, 41 U.S.C. § 351 *et seq.*, (hereinafter Service Act) is barred by the two year statute of limitations of the Portal-to-Portal Act of 1947.

■ The defendant has conducted a laundry and dry cleaning business in the State of South Carolina for many years and in 1964 and 1965 it entered into concessionaire agreements for the provision of services for military personnel at Fort Jackson and Shaw Air Force Base. The contracts which were to expire in 1967 were extended by formal agreements to November 1, 1968, and November 3, 1968, respectively. In performing the work under these contracts, the defendant failed to pay its employees the mini-

mum wage specified under section 6(a)(1) of the Fair Labor Standards Act,[1] although required to do so by both section 2(b)(1) of the Service Act,[2] and the terms of the agreements. The service employees under the Fort Jackson contract received less than the minimum wage for the period from December 16, 1967, through March 30, 1968, and the employees under the Shaw Air Force contract received less than such wage for the period from October 28, 1967, through March 16, 1968. In October of 1969 administrative proceedings were initiated against the defendant by the Secretary of Labor pursuant to section 4 of the Service Act,[3] and following an administrative hearing, the examiner determined that the defendant had underpaid such employees in the amount of $20,386.13 on the two concessionaire contracts. This decision of the hearing examiner was affirmed by the Administrator on April 28, 1971, and no appeal or application for relief was sought by the defendant. Accordingly, the findings of fact and decision of the hearing examiner became final and conclusive upon all agencies of the United States and, if supported by a preponderance of the evidence, conclusive in any court of the United States.[4]

Unsuccessful in its attempts to secure payment, the United States instituted this action against the defendant on July 31, 1972, pursuant to section 5(b) of the Service Act.[5] In its answer the defendant alleged as an affirmative defense that the action was barred by the statute of limitations of the Portal-to-Portal Act. Thereafter, the United States filed a motion for summary judgment based upon the administrative record, including the findings of fact of the hearing exam-

---

1. 29 U.S.C. § 206(a)(1).

2. 41 U.S.C. § 351(b)(1).

3. 41 U.S.C. § 353.

4. The effect to be accorded the administrative decision is authorized by section 5 of the Walsh-Healey Act, 41 U.S.C. § 39.

5. Section 5(b) reads in pertinent part as follows:

"If * * * there has been a failure to pay the compensation required pursuant to this chapter, the United States may bring action against the contractor, * * * in any court of competent jurisdiction to recover the remaining amount of under payments." 41 U.S.C. § 354(b).

iner and the decision of the Administrator. The district court granted the Government's summary motion and entered judgment in its favor, upholding the administrative determination on the merits and specifically rejecting the defendant's argument that the suit was barred by the provisions of the Portal-to-Portal Act. Shortly thereafter the defendant filed a motion for relief from the judgment pursuant to Rule 60(b), Fed.R.Civ.P., again contending that the two year limitation barred the Government's enforcement action. Acting on this motion, the court vacated its prior order and judgment, stating that "the Service Contract Act was so connected and interwoven with the Portal-to-Portal Act that the limitation provisions thereof should be applied." Since the cause of action had accrued more than two years prior to the institution of this suit, the court held that the action was time-barred and entered judgment in favor of the defendant. Thereupon the Government filed this appeal.

Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), upon which the defendant relies, reads in pertinent part as follows:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;"

While the Service Act is not specifically mentioned in the foregoing section, the defendant contends that reasonable stat-utory construction requires that the two year statute specified therein be applied to the present action.

To a large degree this controversy stems from the structure and draftsmanship of the Service Act which, concededly, leaves something to be desired. As heretofore stated, the Service Act incorporates by reference the minimum wage specifications of section 6(a)(1) of the Fair Labor Standards Act,[6] and instead of spelling out the administrative authority of the Secretary, section 4(a) of the Service Act[7] incorporates sections 4 and 5 of the Walsh-Healey Act[8] in the following language:

"(a) Sections 38 and 39 of this title shall govern the Secretary's authority to enforce this chapter, make rules, regulations, issue orders, hold hearings, and make decisions based upon findings of fact, and take other appropriate action hereunder."

■ The defendant argues that by reason of the amalgam of these statutory incorporations the present action was instituted pursuant to section 2 of the Walsh-Healey Act[9] and, accordingly, falls within the specific provisions of the Portal-to-Portal statute of limitations. In support of this argument the defendant seizes upon the prefatory statement in section 4 of the Walsh-Healey Act[10] that "[t]he Secretary of Labor is authorized and directed to administer the provisions of sections 35–45 of this title * * *." Defendant contends that this language "expands the incorporation by reference to include the Walsh-Healey Act in *toto*,"[11] including section 2 which authorizes suits thereunder to be brought in the name of the United States to recover amounts due under the provisions thereof. In our opinion, however, this contention of the defendant places too much of a strain upon the statutory structure. The Service Act incorporates only sections 4 and 5 of the Walsh-Healey Act[12] which govern ad-

---

**6.** 29 U.S.C. § 206(a)(1).

**7.** 41 U.S.C. § 353(a).

**8.** 41 U.S.C. §§ 38 and 39.

**9.** 41 U.S.C. § 36.

**10.** 41 U.S.C. § 38.

**11.** Brief for appellee, page 13.

**12.** 41 U.S.C. §§ 38 and 39.

ministrative enforcement of that Act and the conclusion is inescapable that it is the authority of the Secretary administratively to enforce the Service Act which is made subject to the administrative procedures contained in the two incorporated sections of the Walsh-Healey Act. This conclusion is buttressed by the fact that there are substantial differences in the Government's cause of action under section 2 of Walsh-Healey and section 5 of the Service Act. Additionally, to accept the defendant's contention on this point would require that we write section 5(b) out of the Service Act, and this we cannot do.

Finally, the defendant urges that the two year limitation should apply since it is illogical to assume that the Congress intended to discriminate between employers covered by the Service Act and those covered by the Fair Labor Standards Act, the Walsh-Healey Act and the Bacon-Davis Act. We, of course, do not know what considerations, if any, influenced the Congress to omit actions under the Service Act from the Portal-to-Portal limitation. In any event, however, "[w]e do not think it permissible to construe a statute on the basis of a mere surmise as to what the Legislature intended and to assume that it was only by inadvertence that it failed to state something other than what it plainly stated." Vroon v. Templin, 278 F.2d 345, 348–349 (4 Cir. 1960). Since the United States is not bound by any statute of limitation unless Congress explicitly directs otherwise, Guaranty Trust Co. v. United States, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938), the present action was subject only to the general period of limitation of six years prescribed by 28 U.S.C. § 2415.

Accordingly, the judgment of the district court is reversed and the case remanded for consideration of the merits.

Reversed and remanded.