**John M. NICHOLS**

v.

**MOWER'S NEWS SERVICE, INC., Joseph Bushor, Addie S. Bushor and Earl C. Bushor.**

**Civ. A. No. 79–176.**

United States District Court, D. Vermont.

May 29, 1980.

L.Ed.2d 515 (1972).

George Wenz, John W. Brockway, White River Junction, Vt., for plaintiff/respondent.

Robert H. Erdmann, Dinse, Allen & Erdmann, Burlington, Vt., Edward M. Kaplan, Sulloway, Hollis & Soden, Concord, N. H., for defendants/petitioners.

## MEMORANDUM OPINION AND ORDER

HOLDEN, Chief Judge.

On August 10, 1979, plaintiff John M. Nichols (hereinafter Nichols) filed a complaint alleging that defendants Mower's News Service, Inc., and Joseph, Addie S. and Earl C. Bushor (hereinafter News Service) violated the Fair Labor Standards Act (FLSA) while he was in their employ. Nichols specifically alleges that during his term of employment as a truck driver for the delivery of mail between January 1, 1976 and June 30, 1979 News Service did not pay him for 260 hours of straight time labor and refused to pay him time and one-half his regular rate of pay for 800 hours of overtime that he worked. On September 17, 1979, Mower's News filed a motion to dismiss, which plaintiff opposed on October 4, 1979. A hearing on Mower's News motion to dismiss was held on February 29, 1980. Reserving judgment on the motion to dismiss, the court granted Mower's News fifteen days to file a motion for summary judgment and provided Nichols with an additional fifteen days in which to respond. Both parties were allowed to present, by affidavit or otherwise, eviden-

tiary matters outside the pleadings. On March 18, 1980, Mower's News filed a motion for summary judgment with accompanying affidavits by Joseph Bushor and other supporting documents. Nichols did not respond.

In his affidavits Mr. Bushor states that Nichols was a truck driver on routes governed by mail haul contracts between News Service and the U.S. Postal Service. By their terms, both contracts were subject to the Service Contract Act of 1965. Nichols was paid the minimum wage established by the Service Contract Act Register of Wage Determination dated February 25, 1977. After receiving a complaint, the Wage and Hour Division of the Department of Labor began investigation of back wages owed Mower's News Service employees under the Service Contract Act (SCA). The Wage and Hour Division has calculated the unpaid back wages owed to Mr. Nichols to be $1,626.39.

Defendants' motion to dismiss is based on three claims:

(1) The court lacks subject matter jurisdiction. Plaintiff's wage grievances are not covered by the FLSA, but rather are governed by the Service Contract Act which does not afford a private right of action.

(2) Plaintiff fails to state a claim for which relief may be granted in that the FLSA provisions specifically exempt coverage of plaintiff's overtime claims.

(3) Plaintiff fails to state a claim for which relief may be granted in that the plaintiff's claims are time barred by the FLSA's statute of limitations.

■ In the motion for summary judgment under Fed.R.Civ.P. 56(b), defendants renewed all three claims. Under the provisions of Fed.R.Civ.P. 12(b), however, only motions brought under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief may be transformed into a motion for summary judgment. *Exchange National Bank of Chicago v. Touche Ross*, 544 F.2d 1126 (2d Cir. 1976) (Friendly, J.) Fed.R.Civ.P. 56 applies to matters in bar, but not matters in

abatement, J. Moore, *Federal Practice* § 56.03. Since dismissal for lack of subject matter jurisdiction is a matter of abatement in that it does not bar future actions, *id.* only claims two and three may be converted to motions for summary judgment under Fed.R.Civ.P. 56(b). The motion to dismiss for lack of subject matter jurisdiction will retain its character as a motion brought under Fed.R.Civ.P. 12(b)(1). In deciding a Fed.R.Civ.P. 12(b)(1) motion, however, the court may consider the question of jurisdiction on the basis of evidentiary matters presented by affidavit or otherwise. *Exchange National Bank of Chicago v. Touche Ross, supra* 544 F.2d at 1131.

Plaintiff bases jurisdiction for the action on the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The employment grievances of which plaintiff complains are, however, controlled by the McNamara-O'Hara Service Contract Act, 41 U.S.C. § 351 *et seq.*

■ The contracts between Mower's News Service and the U.S. Postal Service are "service contracts" governed by the SCA; such contracts are specifically brought within the reach of the SCA by 29 C.F.R. § 4.11(b). Furthermore, an attachment to the News Service Contracts entitled "Additional General Provisions for Service Contracts" specifically made the provisions of the SCA applicable to Mower's News Service's mail hauling contracts.

■ In addition, Nichols is a service employee within the meaning of the SCA. A service employee is defined in 41 U.S.C. § 357(b) and 29 C.F.R. § 4.113(a)(1) and (b)(2). Included are any persons performing contracts which are entered into by the U.S. and which have the furnishing of services in the United States as their principal purpose. The definition includes "all such persons regardless of any contractual relationship that may be alleged to exist between a contractor or subcontractor and such persons." 41 U.S.C. § 357(b). The definition excludes employees who hold bona fide executive, administrative or professional positions. As a truck driver delivering mail under a contract between his

employer and the U.S. Government, Nichols was a service employee within the meaning of the SCA.

The SCA includes provisions relating to the payment of wages, 41 U.S.C. § 351(a)(1), (a)(5), (b)(1), and payment of overtime wages. 41 U.S.C. § 355. In addition, Nichols' overtime claims are of a type specifically exempt from coverage by the FLSA. At 29 U.S.C. § 207, the FLSA establishes that employees are to be compensated for overtime work at the rate of time and one-half. However, 29 U.S.C. § 213(b)(1) specifies that § 207 does not apply to employees over whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to 49 U.S.C. § 304. 49 U.S.C. § 304(a)(2) authorizes the Secretary of Transportation to regulate contract carriers by motor vehicle, and 29 C.F.R. § 782.8(b) states that the Department of Transportation has the power to establish qualifications and maximum hours of service of employees of contract mail haulers.

Jurisdiction to enforce the SCA is vested in the Secretary of Labor, 41 U.S.C. §§ 352(b), 353. The SCA authorizes the Secretary to enforce the act through administrative proceedings. It does not provide a private right of action. Instead, individuals with grievances may bring them to the Secretary's attention by using the procedures outlined in 29 C.F.R. § 4.191.

Nichols' claims concerning his wage grievances must therefore be brought in accordance with the procedures provided in the SCA which vest in the Secretary the sole authority for enforcing the act. Furthermore, the record shows that Nichols is, in fact, pursuing his administrative remedies. In sum, the court holds that it lacks subject matter jurisdiction to hear Nichols' claims. Because the court lacks subject matter jurisdiction, it is unnecessary to reach the motion for summary judgment.

For the reasons stated above, the court hereby grants the defendants' motion to dismiss for lack of jurisdiction. It is so ORDERED.