**David A. FOSTER, et al.,**

v.

**PARKER TRANSFER COMPANY.**

**Civ. A. No. 81–41 ERIE.**

United States District Court,
W. D. Pennsylvania.

Dec. 21, 1981.

William J. Schaaf, Erie, Pa., for plaintiffs.

Don Pace, Cleveland, Ohio, Thomas McCarthy, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

This is a contract action brought by three employees of Parker Transfer Co., seeking damages for lost wages and fringe benefits. The defendant, Parker Transfer, is a firm under contract with the United States Postal Service to deliver mail. This action is presently before the Court on the defendant's motion for summary judgment.

Although the plaintiffs style this case as a diversity action, it is clear that the gravamen of their complaint is that they were not paid by the defendant in accordance with the schedules promulgated under the Service Contract Labor Standards Act, 41 U.S.C. § 351 et seq. Therefore, implicit in the plaintiffs' complaint is an allegation that the Service Contract Labor Standards Act creates a private right of action by service employees against their employers. We do not believe that such a private right of action exists under the Act. Accordingly we must grant the defendant's motion for summary judgment.

The Service Contract Labor Standards Act imposes an obligation on employers involved in service contracts with the United States to pay wages and fringe benefits "in accordance with prevailing rates ... in the locality." 41 U.S.C. § 351 (a)(1) and (2). Under the Act the Secretary of Labor has the responsibility of determining prevailing labor and ensuring that these rates are paid. 41 U.S.C. §§ 351, 352 (b), 353. It is important to note, however, that the Act

does not by its terms provide for any private action by service employees against their employers. Rather, enforcement responsibilities under the Act are assigned exclusively to the Secretary of Labor. This statutory scheme has led a number of Courts to conclude that the Service Contract Labor Standards Act does not provide disgruntled service employees with a direct private right of action against their employers. *Misc. Service Workers etc. v. Philco-Ford Corp.*, 661 F.2d 776, 779–781 (9th Cir. 1981); *Nichols v. Mower's News Service Inc.*, 492 F.Supp. 258, 261 (D.Ver.1980).

We agree. In this case the plaintiffs do not allege that the wages they were paid fell below those prescribed under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. They simply allege that these wages did not meet the levels set by the Secretary of Labor under the Service Contract Labor Standards Act. While this complaint may serve as the basis for administrative proceedings by the Secretary of Labor it does not create a direct private right of action by individual employees.

■ We note that in this case the Secretary of Labor has investigated claims that the defendant has not paid its employees the prevailing labor rates. We also understand that, as a result of this investigation, the Secretary has ordered that certain payments be made to employees of the defendant. Our dismissal of the plaintiffs' complaint in this action should in no way be construed as an opinion on the merits of the determinations previously made by the Secretary. The validity of these determinations is not the subject of this lawsuit and therefore cannot in any way be altered by this Court. In fact these findings by the Secretary are conclusive and binding on all of the parties, unless a timely appeal is taken. See *United States v. Deluxe Cleaners and Laundry Inc.*, 511 F.2d 926 (4th Cir. 1975); *Curtiss-Wright Corp. v. McLucas*, 381 F.Supp. 657 (D.N.J.1974).

An appropriate order will issue.