**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Linwood SKELTON,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Robert MAHAN,**
**Defendant–Appellant.**

**Nos. 89–5419, 90–5600.**

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 29, 1989.

Decided April 20, 1990.

As Amended May 1, 1990.

Fred Warren Bennett, Federal Public Defender, Michael Citaramanis, Asst. Federal Public Defender, Steven R. Freeman, Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A., Baltimore, Md., for defendants-appellants.

Breckinridge L. Willcox, U.S. Atty., Lisa M. Griffin, Asst. U.S. Atty., Baltimore, Md., for plaintiff-appellee.

Before MURNAGHAN, SPROUSE, and WILKINS, Circuit Judges.

PER CURIAM:

This consolidated appeal raises the sole issue of application of § 2D1.1 of the 1988 sentencing guidelines [1] for an offense involving liquid PCPy. Appellant James Robert Mahan has adopted the brief of

---

**1.** United States Sentencing Commission, *Guidelines Manual* (Oct.1988).

appellant Thomas Linwood Skelton, who was his co-defendant below. We affirm the sentences of the district court.

Skelton pleaded guilty to conspiracy to manufacture, distribute and possess with intent to distribute a Schedule I controlled substance, PCPy,[2] in violation of 21 U.S.C. §§ 846 & 841(a)(1). The parties stipulated that the amount involved was 7510 grams (7.51 KG) of liquid PCPy. The drug equivalency table of the sentencing guidelines, § 2D1.1 comment. (n. 10), indicates that one gram of PCPy is equivalent to one gram of heroin or PCP. On this basis, the district court found Skelton's base offense level to be level 34, which is the correct level for an offense involving 7.51 KG of heroin or PCP. U.S.S.G. § 2D1.1.

Skelton argues that he should have been sentenced for an offense involving 751 grams of PCP or heroin equivalents, which would put his base offense level at level 30. The foundation for this argument is that the 1988 guidelines made a distinction between "plain" PCP, pure PCP, and liquid PCP. One gram of liquid PCP was listed as being equivalent to 0.1 gram of PCP or heroin. Skelton asserts that the same distinctions should be made with regard to PCPy, since it is an analog of PCP (that is, its chemical structure is similar). Alternatively, Skelton submits that the equivalency table drug most analogous to "liquid PCPy" is "liquid PCP" rather than "Pyrrolidine Analog of Phencyclidine/PHP [PCPy]." Under either theory, 7510 grams of liquid PCPy would be equivalent to 751 grams of PCP or heroin.[3] To evaluate Skelton's position, we will discuss, first, the fact that the 1988 guidelines included a distinction for liquid PCP and, second, the similarities and differences of PCP and PCPy.

The fact that a distinction was made for liquid PCP is an anomaly in the 1988 guide-

lines. In general, the guidelines direct that the weight to be used in determining the base offense level shall be the total weight of any mixture or substance containing a detectable amount of the controlled substance. U.S.S.G. § 2D1.1(c), footnote to Drug Quantity Table; see also United States v. Daly, 883 F.2d 313, 316–18 (4th Cir.1989) (weight of carrier medium to be included in determining base offense level). An exception was made in the case of PCP, because Congress specifically provided for a distinction between pure PCP and a mixture containing PCP. 21 U.S.C. § 841(b)(1)(A)(iv) & (B)(iv). Thus, one gram of pure PCP is equivalent to 10 grams of "plain" PCP. U.S.S.G. § 2D1.1, comment. (n. 10, Drug Equivalency Table).

It is not evident, however, why the guidelines also made a distinction for liquid PCP. Liquid PCP is less potent than the pure form, United States v. Martin, 869 F.2d 1118, 1119–20 & n. 2 (8th Cir.1989); however, as just explained, the purity of the drug is not usually a consideration for purposes of determining the base offense level. Also, in the case of PCP, the potency of the substance is already taken into account by distinguishing between pure PCP and "plain" PCP. There is thus no obvious reason for making the further distinction of liquid PCP. Indeed, in the 1989 guidelines[4] the equivalency for liquid PCP is deleted. The Sentencing Commission explained: "The purpose of this amendment is to delete an incorrect equivalency." Amendments to the Sentencing Guidelines for United States Courts, 54 Fed.Reg. 21348, 21361 (1989).

Nevertheless, Skelton and Mahan were sentenced under the 1988 guidelines, which included the liquid PCP equivalency whether correct vel non. Skelton contends that whatever the reason was for distinguishing

---

2. Phencyclidine (PCP)—also known as angel dust, rock or canab—is a central nervous center depressant which has become a popular street drug. PCPy, also known as PHP, has a chemical structure similar to PCP (see infra, n. 5). PCPy is also referred to as "the pyrrolidine analog of phencyclidine." Its chemical nomenclature is 1–(1–phenylcyclohexyl)–pyrrolidine. See 21 C.F.R. § 1308.11(d)(24).

3. Application of either theory would also mean that one gram of pure PCPy would be equivalent to 10 grams of heroin or PCP.

4. United States Sentencing Commission, Guidelines Manual (Nov.1989).

liquid PCP under the 1988 guidelines, logic dictates that the same distinction should be made for PCP's analog, PCPy, when sentencing under the 1988 guidelines.[5]

Skelton's argument that liquid PCPy should be treated in like manner as its analog, PCP, might be more persuasive if PCP and PCPy were listed under the same heading in the schedules of controlled substances. However, PCP is listed as a Schedule II *depressant,* 21 C.F.R. 1308.-12(e)(3), whereas PCPy is listed as a Schedule I *hallucinogenic substance,* 21 C.F.R. 1308.11(d)(24).[6] Schedule II substances have an accepted medical use, whereas Schedule I substances do not. 21 U.S.C. § 812(b)(1)(B) & (b)(2)(B). These differences indicate that there was a sound basis for the Sentencing Commission to treat PCP and PCPy differently under the drug equivalency table. Furthermore, whereas Congress has mandated a distinction between pure PCP and PCP mixtures, it has not drawn a like distinction with respect to PCPy or any other hallucinogen. *Cf. Daly,* 883 F.2d at 317–18.

We thus can find no basis for reading into the drug equivalency table an intent that liquid PCPy be treated as liquid PCP. *Cf. United States v. Deluxe Cleaners & Laundry, Inc.,* 511 F.2d 926, 929 (4th Cir. 1975) (court cannot assume that statute fails to state something other than what it plainly states only by inadvertence). We affirm the district court in treating 7510 grams of liquid PCPy as 7510 grams of PCP or heroin for purposes of determining the base offense level.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED.

---

5. Chemical analogs are chemical compounds which have similar structures, but which vary with respect to one component. *Dorland's Illustrated Medical Dictionary* 78 (25th ed.1974). In the case of PCP and PCPy, the difference is that PCP has a piperidine unit where PCPy has a pyrrolidine unit. *See* Patent No. 3,097,136 (July 9, 1963). Piperidine and Pyrrolidine are closely related chemical structures which yield chemicals with similar properties. N. Allinger et al., *Organic Chemistry* 73 (1973); *Application of Lunsford,* 327 F.2d 526, 527 (C.C.P.A.1964). Nevertheless, despite the similarity between piperidine and pyrrolidine, their analogs can have surprisingly different effects on the human system. *See Lunsford,* 327 F.2d at 528; *Application of Lunsford,* 357 F.2d 385, 388–89 (C.C.P.A. 1966).

6. *But see United States v. Worthington,* 642 F.2d 150, 152 (5th Cir.Unit B 1981).