**Alfred A. OJI, Plaintiff,**

v.

**PSC ENVIRONMENTAL MANAGEMENT INC., a Corporation, Defendant.**

No. 90 C 20227.

United States District Court, N.D. Illinois, W.D.

Jan. 15, 1991.

Craig P. Thomas, Reno, Zahm, Folgate, Lindberg & Powell, Rockford, Ill., for plaintiff.

Frank P. Vella, Jr., Vella, Sparkman & Bruce, Rockford, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is Defendant's motion to dismiss Count II of Plaintiff's complaint. For the reasons set forth herein, the court grants Defendant's motion.

## BACKGROUND

On July 23, 1990, Plaintiff Alfred A. Oji filed a complaint in this court against Defendant PSC Environmental Management, Inc. (hereinafter PSC). Plaintiff is an Illinois citizen. Defendant is a Louisiana corporation which has its principal place of business outside Illinois. Because the parties are of diverse citizenship, this court has jurisdiction pursuant to 28 U.S.C. § 1332 (1988).

In Count I of his complaint, Plaintiff alleges that Defendant terminated his employment because he complained to his superiors that certain of Defendant's operations violated OSHA, and/or because he refused to participate in Defendant's operations that violated OSHA. In Count II, Plaintiff alleges that Defendant entered into standard form contracts with various federal government agencies, and that Plaintiff was an employee operating under the terms of the standard form contracts. Plaintiff alleges that Defendant breached these standard form contracts by refusing to pay him retirement benefits as the contracts required.

## DISCUSSION

■ In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiffs could prove consistent with the pleadings that would entitle them to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987); *Vaden v. Village of Maywood,* 809 F.2d 361, 363 (7th Cir.), *cert. denied,* 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden,* 809 F.2d at 363; *Doe v. St. Joseph's Hosp. of Fort Wayne,* 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

■ The basic premise of Defendant's motion to dismiss Count II is that the Service Contract Act of 1965, 41 U.S.C. §§ 351–358 (1988) (hereinafter SCA), does not allow a private cause of action. Plaintiff responds that it is not seeking damages under the SCA, but instead is seeking recovery as a third-party beneficiary of the standard form contracts under which Defendant operated during Plaintiff's employment with Defendant.

Plaintiff does not specifically identify the SCA as the basis for his claim for relief in Count II. However, paragraph nine of Count II states, "The Defendant has refused to provide the Plaintiff with the retirement benefits to which he is entitled to by virtue of one or more of the aforementioned government contracts." Plaintiff's

complaint, filed July 23, 1990, at 2. A reasonable inference from this paragraph is that Plaintiff seeks to recover from Defendant's breach of a contract with a federal government agency. Further, Count II states that one or more of the applicable contracts contained the same terms as those in the standard contracts. Exhibit 1 to Plaintiff's complaint is a standard form contract which states, "This contract is subject to the Service Contract Act of 1965, as amended." Exhibit 1 to Plaintiff's complaint, filed July 23, 1990, at 18.

Two of the Circuits have spoken to the same issue Defendant raises in its motion to dismiss, and both have construed that a claim such as that in Plaintiff's Count II represents a cause of action under the SCA. The contract Plaintiff attached to his complaint is, as noted above, subject to the SCA. The Ninth Circuit has held that the SCA does not confer, either explicitly or implicitly, a private right of action. *Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local #427 v. Philco–Ford,* 661 F.2d 776, 779 (9th Cir.1981). In that case, the court held that employees had no standing to sue their employer for failing to compensate them as the terms of the employer's federal government contract required. *Id.*

The Eleventh Circuit adopted the reasoning and holding of the Ninth Circuit's *Philco–Ford* decision in *District Lodge No. 166, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. TWA Servs., Inc.,* 731 F.2d 711, 714–16 (11th Cir.1984). There, the court held that a union could not maintain a private cause of action under SCA against an employer for wage and fringe benefit differentials. *Id.* at 716. The court agreed with the finding in *Philco–Ford* that the 1972 amendments to SCA did not create a private right of action.

■ Defendant presents an alternative theory in support of its motion to dismiss: that this court is without jurisdiction over Count II, because the Secretary of Labor has exclusive jurisdiction to enforce the SCA through administrative proceedings. At least one federal district court has reached this conclusion. *Nichols v. Mower's News Serv., Inc.,* 492 F.Supp. 258, 261 (D.Vt.1980).

The court finds that Count II of Plaintiff's complaint, although not explicitly labeled as such, presents a claim for breach of contract under the SCA. This court agrees with the conclusion of the Ninth and Eleventh Circuits that the SCA neither explicitly nor implicitly authorizes a private cause of action. Additionally, the court agrees with the district court's holding in *Nichols* that the Secretary of Labor, and not private parties, has exclusive jurisdiction to enforce the SCA. Therefore, Plaintiff has no standing to assert a private right of action under the SCA, which Plaintiff seeks to do in Count II. Hence, the court grants Defendant's motion to dismiss Count II of Plaintiff's complaint.

### CONCLUSION

For the reasons stated in this Order, the court grants Defendant's motion to dismiss Count II of Plaintiff's complaint.