Donnie BERRY, Plaintiff,

v.

Bobby ANDREWS, Defendant.

Civ. A. No. 82-2-S.

United States District Court,
M. D. Alabama, S. D.

April 7, 1982.

Steven D. Caley, Legal Services Corp. of Alabama, Dothan, Ala., for plaintiff.

Ball, Ball, Duke & Matthews, P. A., W. H. Brittain II, Montgomery, Ala., and William L. Lee, Dothan, Ala., for defendant.

## ORDER

HOBBS, District Judge.

The above styled cause is now before the Court on defendant's motion to dismiss, filed herein January 8, 1982. Oral argument on defendant's motion was heard February 19, 1982. Upon careful consideration of defendant's motion, the Court is of the opinion that defendant's motion to dismiss is due to be denied.

Plaintiff brought this action against defendant, his former employer, alleging jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), the Fair Labor Standards Act (FLSA). Plaintiff claims that defendant wrongfully terminated his employment in retaliation for his contacting the Wage and Hour Division of the Department of Labor in regard to back wages allegedly due him under the provisions of the Service Contract Act (SCA), 41 U.S.C. §§ 351 *et seq.* Defendant is subject to the provisions of the SCA because he is a holder of a contract with the United States Postal Service for transporting bulk mail between the post offices of several cities in Alabama, including Dothan, Montgomery, and Birmingham.

In his motion to dismiss defendant contends that Counts Two and Three of plaintiff's complaint should be dismissed because the SCA does not provide a private right of action for an employee who has been wrongfully terminated.[1] Plaintiff counters

1. Although defendant moves the Court to dismiss "this action" in his motion to dismiss, defendant only lists as grounds for his motion that plaintiff's sole remedy lies under the SCA and that Act does not contain a provision for private action. Defendant does not address in his motion or brief plaintiff's claim found in Count One that a federal question exists under the First Amendment of the United States Constitution and that, consequently, jurisdiction exists pursuant to 28 U.S.C. § 1331. Moreover, defendant's counsel failed to discuss

defendant's motion by arguing that defendant's actions in discharging plaintiff in retaliation for contacting the Wage and Hour Division was a violation of both the SCA and the FLSA. Plaintiff maintains that, since FLSA and SCA are mutually supplemental, the remedial provisions of FLSA, i.e., Sections 215(a)(3) and 216(b), may be used to enforce the benefit provisions of SCA. Section 215(a)(3) of the FLSA provides that "it shall be unlawful for any person ... to discharge ... any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." And Section 216(b) of the FLSA, as amended, provides:

"Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."

■ The Court agrees with plaintiff's contention that the FLSA and SCA are mutually supplemental and, therefore, plaintiff should be allowed to bring a private action for his alleged retaliatory discharge. *See Masters v. Maryland Management Co.*, 493 F.2d 1329 (4th Cir. 1974). The present case is similar to *Powell v. United States Cartridge Co.*, 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017 (1950), in which the Supreme Court held that the Walsh-Healey Act and the FLSA are mutually supplemental. In that case the Supreme Court noted "a congressional awareness that the coverage of the Fair Labor Standards Act overlaps that of other federal legislation affecting labor standards." *Id.* at 518, 70 S.Ct. at 766. The Court ruled in *Powell* that the applicability of the Walsh-Healey Act, which prescribes the minimum wages and maximum work hours for em-

ployees of contractors that manufacture or furnish materials to the government, did not preclude the application of the FLSA to the employees concerned in that case. The reasoning and holding of *Powell* is persuasive to this Court that the SCA, which is the protective counterpart of the Walsh-Healey Act for employees of contractors that furnish services to the government, and the FLSA are mutually supplemental.

■ In so ruling, the Court notes that at least two courts have recently applied the test outlined in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) to hold that a private right of action does not exist under the SCA. *See Miscellaneous Service Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp.*, 661 F.2d 776 (9th Cir. 1981); *Nichols v. Mower's News Service, Inc.*, 492 F.Supp. 258 (D.C.Vt. 1980). In both of these cases, however, the courts denied a private right of action to the plaintiffs because of clear legislative intent to restrict employee remedies under the SCA to administrative channels. The present case is readily distinguishable since the plaintiff seeks relief that is clearly not available under the administrative provisions of the SCA. The purpose of the SCA is to require contractors to pay their employees working on a federal service contract in accordance with the prevailing rates and benefits for such employees in the locality. *See Midwest Maintenance & Const. Co. v. Vela*, 621 F.2d 1046 (10th Cir. 1980). The administrative remedies provided under the SCA are tailored for the recovery of wages and benefits due employees. The SCA by its terms does not provide a mechanism for the Department of Labor to levy effective sanctions against a contractor who discharges an employee in retaliation for the employee's actions in seeking redress for underpayment, just as the SCA itself does not make the retaliatory firing of an employee a violation of the Act.

---

plaintiff's First Amendment claim at oral argument despite extensive reference to that claim in plaintiff's brief and by plaintiff's counsel at oral argument. Under these circumstances and without indicating agreement with plaintiff's

contention that he has a claim under the First Amendment, the Court is persuaded that defendant's motion to dismiss should be treated as a motion to dismiss Counts Two and Three of plaintiff's complaint.

The FLSA, on the other hand, specifically prohibits retaliatory discharge and authorizes a variety of sanctions for such retaliatory discharge. 29 U.S.C. §§ 215(a)(3) and 216(b). To hold that the FLSA and SCA are not mutually supplemental and that plaintiff does not have a private right of action under the FLSA in regard to his alleged retaliatory discharge would leave plaintiff without a remedy—whether private or administrative. This Court is confident that Congress did not intend to create the illogical and inequitable result that an employer contracting with a private person is subject to sanctions and is proscribed by law from discharging an employee for filing a claim with the Wage and Hour Division when an employer contracting with the federal government could so discharge an employee with complete impunity. Although this Court is in agreement with those courts which have held that an employee's sole remedy under the SCA for underpaid wages and lost fringe benefits is the administrative channel created by Congress, the Court is nevertheless persuaded that plaintiff is entitled to pursue private action for an alleged retaliatory discharge under the FLSA since Congress did not provide any administrative redress for retaliatory discharge or attempt to address a suitable remedy in the SCA. If the prohibition and sanctions spelled out in the FLSA are not available to employees of those contracting with the government, Congress would have set a trap for the employee bold enough to protest his payments in violation of the law. Such an employee could successfully establish his right to a few dollars of overtime pay at the expense of losing his job. This Court attributes no such intent to Congress. Accordingly, it is

ORDERED that defendant's motion to dismiss be and the same is hereby denied.