Timmy LEE, et al., Plaintiffs–Appellants,

v.

FLIGHTSAFETY SERVICES
CORPORATION, et al.,
Defendants–Appellees.

Timmy LEE, et al., Plaintiffs–Appellees,

v.

FLIGHTSAFETY SERVICES
CORPORATION, et al.,
Defendants–Appellants.

Nos. 93–8091, 93–8442.

United States Court of Appeals,
Eleventh Circuit.

May 5, 1994.

---

Martha F. Dekle, Douglas Wayne Alexander, Brunswick, GA, for appellants in No. 93–8091.

David Whitworth, Donna Linn Crossland, Brunswick, GA, for appellees in No. 93–8091.

David T. Whitworth, Donna L. Crossland, Albert Fendig, Jr., Fendig McLemore Taylor & Whitworth, Brunswick, GA, for appellants in No. 93–8442.

Martha F. Deckle, Douglas W. Alexander, Brunswick, GA, for appellees in No. 93–8442.

Before KRAVITCH and CARNES, Circuit Judges, and HAND *, Senior District Judge.

HAND, Senior District Judge:

The plaintiffs filed this action on June 18, 1991, alleging the defendants had violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). The plaintiffs are current or former firefighters, engineers, fire captains, and assistant chiefs at the Kings Bay naval submarine base ("Kings Bay") in Camden County, Georgia. Defendant Johnson Controls, Inc., is the current base operations service contractor at Kings Bay; as such, it has the management contract for the base.[1]

This action is before the court on two appeals from the United States District Court for the Southern District of Georgia, Brunswick Division. The defendants appeal[2] the district court's denial of their motion to dismiss or, in the alternative for summary judgment; this motion claimed the court did not have subject-matter jurisdiction. The plaintiffs appeal[3] the granting of the defendants' summary-judgment motion on the claim of the firefighters and engineers; that motion was based on substantive issues. The plaintiffs also appeal a holding regarding the captains and assistant chiefs.

1. Background

The firefighters and engineers receive hourly wages and work under a collective-bargaining agreement ("CBA") between the contractor and the International Union, the Transport Workers Union of America Local No. 526 at Kings Bay. The union represents all union employees at Kings Bay, not just the firefighters and engineers. The firefighters and engineers may, but they do not have to, belong to the union; in any event, they must pay union dues. The firefighters and engineers contend the defendants have not paid them according to the terms of the CBA.

The firefighters and engineers work 24 hour shifts. They receive their full hourly wage for the first eight hours, and time and a half for the second eight hours. During the third eight-hour period, they are free to do what they want, including sleep in facilities provided, but they must stay on the premises in case they are called to duty. The district court found that the plaintiffs are not paid when the entire third eight-hour period is sleep time. However, the defendants point out that if the plaintiffs work three or fewer hours during this period, they are paid time and a half for the number of hours worked; if they work more than three hours, they are paid time and a half for the full eight hours, regardless of whether they work for three hours and one minute, or the full eight hours.

The captains and assistant chiefs work three 24 hour shifts per week, just as firefighters and engineers do, but the captains and assistant chiefs receive salaries and do not belong to a union. On November 25, 1991, the fire department published a memorandum stating that when salaried firemen work less than three 24 hour shifts per week, their leave time will be charged. Johnson Controls rescinded this policy on October 14, 1992; the contractor claims it did so upon learning that the FLSA and its regulations prohibit charging salaried employees' leave

---

* Honorable W.B. Hand, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. Defendant Waymon A. Rainey has been the chief of the Kings Bay fire department for several years; he works for Johnson Controls. Defendant Al Pollock was a project manager under a previous base operations service contractor.

Previous contractors include Pan Am World Services, Inc., the predecessor of Johnson Controls, and FlightSafety Services Corporation, the predecessor of Pan Am.

2. Appeal No. 93–8442.

3. Appeal No. 93–8091.

time when they work less than an entire shift. The contractor then established a new policy. The contractor claims it reimbursed each captain and assistant chief whose wages had been reduced because of the erroneous policy of November 25, 1991.

## 2. Standard of Review

■ When the issue on appeal is solely a question of law, the appellate court independently determines proper statutory interpretation. We have de novo review. *E.g., United States v. ILCO, Inc.*, 996 F.2d 1126, 1130 (11th Cir.1993).

## 3. The Appeal by the Defendants: Subject-Matter Jurisdiction

In the district court, the defendants moved for dismissal, or, in the alternative, for summary judgment. The defendants claimed (1) the Service Contract Act ("SCA"), 41 U.S.C. § 351 *et seq.*, applies to the employment relations at issue in this action, (2) the plaintiffs lack standing under the SCA, and (3) the plaintiffs may not file a claim under the FLSA in this matter. The district court agreed with the defendants on the first and second points but disagreed on the third. It held (1) the SCA applies to the employment relations at issue in this action, (2) the plaintiffs lack standing under the SCA, but (3) the plaintiffs may file a claim under the FLSA.[4] Accordingly, the district court denied the defendants' motion to dismiss.[5]

■ The defendants' appeal applies only to the firefighters and engineers. The defendants contend that because the firefighters and engineers are or have been hourly employees of government contractors who are subject to the SCA and who provide services to the United States government at Kings Bay, the SCA alone—and not the FLSA—controls any wage-related claim the firefighters and engineers have; the FLSA does not apply. We disagree.

■ The defendants correctly assert that there is no private right of action under the SCA. *Dist. Lodge No. 166, Intern. Ass'n of Mach. v. TWA*, 731 F.2d 711, 714–16 (11th Cir.1984), citing *Miscellaneous Service Workers, Local 427 v. Philco–Ford Corp*, 661 F.2d 776 (9th Cir.1981). However, they are incorrect when they assert that the FLSA does not apply. Congress intended that the FLSA overlap with other federal legislation. *Powell v. United States Cartridge Co.*, 339 U.S. 497, 513–19, 70 S.Ct. 755, 766–67, 94 L.Ed. 1017, 1037–38 (1950). The FLSA and other statutes are not mutually exclusive. *See id.* The provisions of the FLSA and the SCA may all apply as long as they do not conflict. *Masters v. Maryland Management Co.*, 493 F.2d 1329, 1332 (4th Cir.1974), citing *Dowd v. Blackstone Cleaners, Inc.*, 306 F.Supp. 1276 (N.D.Texas 1969). It is possible that the FLSA may allow a private right of action even though the SCA does not. *See, e.g., Berry v. Andrews*, 535 F.Supp. 1317, 1318–1319 (M.D.Ala.1982). Such a difference between the two statutes is not a conflict.

In this action, the plaintiffs allege the defendants have not properly compensated them. The plaintiffs have stated a claim under the FLSA, 29 U.S.C. § 201 *et seq.*, and there is no conflict with the SCA. Accordingly, the district court was correct in denying the defendants' motion to dismiss.

## 4. The Plaintiffs' Appeal

### 4(a). Firefighters and Engineers

Regarding the claim of the firefighters and engineers, the district court granted the defendants' motion for summary judgment and denied the plaintiffs'. The plaintiffs appeal. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);

---

**4.** *Lee v. FlightSafety Services Corp.*, Civil Action No. CV 291–141, amended order at 2–4 (S.D.Ga. Jan. 28, 1993).

**5.** *Id.* at 4.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 The firefighters and engineers contend that their FLSA right to overtime pay has been improperly bargained away. The plaintiffs correctly state the law:

FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and the legislative policies it was designed to effectuate. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707, 89 L.Ed. 1296, 65 S.Ct. 895 [902] (1945); *see D.A., Schulte, Inc. v. Gangi,* 328 U.S. 108, 114–116, 90 L.Ed. 1114, 66 S.Ct. 925 [928–929] (1946); *Overnight Motor Transportation Co. v. Missel,* 316 U.S. 572, 577, 86 L.Ed. 1682, 62 S.Ct. 1216 [1219] (1942); *see* 29 C.F.R. § 758.8 (1974). Moreover, we have held that congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement.

*Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 740–41, 101 S.Ct. 1437, 1445, 67 L.Ed.2d 641, 653–54 (1981). However, no statutory rights of the firefighters or engineers have been "abridged by contract or otherwise waived." The Code of Federal Regulations provides:

Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from the hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep.

29 C.F.R. § 785.22(a).

If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. For enforcement purposes the Divisions have adopted the rule that if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time.

29 C.F.R. § 785.22(b).

At oral argument, the firemen and engineers conceded they have adequate sleeping facilities and enjoy uninterrupted sleep most of the time. However, they assert that they did not agree to exclude the sleep time from their wages. This is an extension of an argument developed more fully in their appellate brief.

The firefighters and engineers contend in their brief (1) they have always complained about not being paid for sleep time, (2) they, as a small percentage of a large union, were forced to accept a CBA which they voted against and disliked, and (3) when they protested, they were told they could "hit the gate," *i.e.,* quit if they did not like their terms of employment. Based on that, the firefighters and engineers would have us conclude there was economic duress or no mutuality of assent, and therefore that there was no agreement among the parties.

The CBA in effect since 1981 provides that the union is the "sole and exclusive bargaining agent" for Kings Bay employees. The contract under which the firefighters and engineers work was properly negotiated between their union and the defendants. Therefore, there was mutuality of assent to exclude sleep time from hours worked. The terms of the contract bind the firefighters and engineers, regardless of whether they like the provisions or how much they have complained. Moreover, the district court correctly held that there was no economic duress.

Economic duress involves taking unjust advantage of another's economic necessity. *Charter Medical Management Co. v. Ware Manor, Inc.,* 159 Ga.App. 378, 381[, 283 S.E.2d 330, 334] (1981). It must also involve conduct which is wrongful. *Id.* This case is distinguishable from *Johnson v. City of Columbia, S.C.,* 949 F.2d 127 (4th Cir.1991), where economic duress was found. In *Johnson,* employees were faced with imminent discharge if they did not agree to employment terms. This is more severe than the "take it or leave it" atti-

tude expressed by the Defendant. It is undoubtedly true that a majority of employees in America are tied to their jobs because they need their paychecks. Such economic necessity is not, without much more, economic duress.

*Lee v. FlightSafety Services Corp.*, Civil Action No. CV 291–141, order at 7 (S.D.Ga. Nov. 24, 1992).[6]

The court concludes the granting of the defendants' summary-judgment motion on the firefighters' and engineers' claim was correct.

4(b). Captains and Assistant Chiefs

■ The district court denied the plaintiffs' motion for summary judgment on the claim of the captains and assistant chiefs, and the plaintiffs appeal.[7]

In denying the plaintiffs' motion, the court found that the defendants had not properly compensated captains and assistant chiefs; however, Johnson Controls had adequately addressed the issue through the "window of correction" allowed under 29 C.F.R. § 541.-118(a)(6), which provides:

> The effect of making a deduction which is not permitted under these interpretations will depend upon the facts of the particular case. Where deductions are generally made when there is no work available, it indicates that there was no intention to pay the employee on a salary basis. In such a case the exemption would not be applicable to him during the entire period when such deductions were being made. On the other hand, *where a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.*

29 C.F.R. § 541.118(a)(6) (emphasis added). Considering this regulation, we conclude that the plaintiffs are not entitled to judgment as a matter of law on the claim of the captains and assistant chiefs. Therefore, the district court was correct in denying the plaintiffs' summary-judgment motion on this claim.

■ The plaintiffs contend that this window of correction is available only if the error is inadvertent. They have misread the regulation. The window is available "where a deduction not permitted by these interpretations is inadvertent" *or* "is made for reasons other than lack of work." *Id.* The regulation is clearly written in the disjunctive, so either circumstance suffices. The district court, in denying the summary-judgment motion, stated that some courts have read the provision conjunctively. Such judicial rewriting of regulations is improper. A court should presume regulations mean what they say. If the executive branch wishes to reconsider them, it is free to do so. Judicial assistance is not required. *See TransSouth Financial Corp. v. Johnson*, 931 F.2d 1505, 1507 (11th Cir.1991) (a court's analysis of a statute begins with the actual language and should be consistent with the plain meaning); *Seaboard Sys. R.R. v. I.C.C.*, 827 F.2d 699, 701 (11th Cir.1987) (if a statute is clear on its face, the court need not examine additional sources for guidance).

For the foregoing reasons, the order of the district court is **AFFIRMED**.

---

**6.** *Johnson* is different in that it did not involve a collective-bargaining agreement, while the action before us does.

**7.** The defendants did not move for summary judgment with respect to the claims of the captains and assistant chiefs.