**Michael E. SCHAAL, et al., Plaintiffs,**

v.

**ANNE ARUNDEL COUNTY FIRE DEPARTMENT, Defendant.**

**Civil No. AMD–94–2452.**

United States District Court, D. Maryland.

Jan. 24, 1996.

Bruce R. Lerner, Bredhoff & Kaiser, Washington, DC, for plaintiffs.

Gail Thuman Watson, Assistant County Attorney, Millersville, MD, Phillip F. Scheibe, Annapolis, MD, Catherine Durkan, Arundel Center—Office of Law, Anne Arundel County, Annapolis, MD, for defendant.

### MEMORANDUM AND ORDER

DAVIS, District Judge.

This case was dismissed without prejudice pursuant to this Court's Settlement Order on October 13, 1995. As the parties have failed to reach a settlement agreement, this matter is currently before the Court on the Defendant's Motion to Reopen and its Motion for Partial Summary Judgment. The parties have fully briefed all the issues, and no hearing is necessary. Local Rule 105.6 (D.Md. 1995).

The Plaintiff joins the Defendant's Motion to Reopen, citing the numerous issues that remain unresolved. Accordingly, this Court shall grant the motion to reopen. The Court shall, therefore, also consider the merits of the Defendant's Motion for Partial Summary Judgment.

### Background

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq., provides that employers must pay overtime to employees who work hours in excess of the statutory maximum, except for an employee who works in "a bona fide executive, administrative, or professional capacity." Id. § 213(a)(1). The regulations promulgated by the Department of Labor pursuant to the FLSA set forth a

two-part test for determining if a particular employee fits within the § 213 exemption: the employer must prove that the employee's duties are primarily managerial or administrative (or a combination of the two), and that the employee is paid on a salaried basis. *See generally* 29 C.F.R. §§ 541.1, 541.2.

The basic test for determining if an employee is salaried is set forth at 29 C.F.R. § 541.118(a). In particular, § 541.118(a) states that an employee will not be considered salaried for purposes of the FLSA if the amount of his or her compensation "is ... subject to reduction because of variations in the quality or quantity of the work performed." Subsection (a)(6) of § 541.118 provides an exception to this rule. According to the terms of subsection (a)(6), a reduction in pay which was "inadvertent, or [was] made for reasons other than lack of work, [will not affect a salaried employee's exemption from the terms of the FLSA] ... if the employer reimburses the employee for such deductions and promises to comply in the future." Subsection (a)(6) is commonly known as the "window of correction."

In his order of May 15, 1995, Judge Smalkin considered whether the "window of correction" defense was available to the Defendant in the instant case. In particular, the Plaintiff pointed to two employees, Mr. Janz and Mr. Dull, each of whom had been subjected to unpaid suspensions. The County argued that Mr. Janz's and Mr. Dull's deductions were made either for reasons other than a lack of work, or that they were made inadvertently. Moreover, the County asserted that it had changed its policy as to such deductions in early 1993, it would comply with the requirements of 29 C.F.R. § 541.118 in the future, and it was ready to reimburse Mr. Dull for his suspension.[1] Therefore, according to the Defendant, the window of correction defense should be available. The Plaintiffs, however, argued that there was no new policy and that unless the County's actions were truly inadvertent, it was preclud-ed from invoking the "window of correction" defense as a matter of law.

Judge Smalkin observed that there existed some support for the proposition put forth by the Plaintiff that subsection (a)(6) should be read as a conjunctive phrase, *i.e.,* to require that the deductions had been both the product of inadvertence *and* for a reason other than lack of work in order to claim the exemption. J. Smalkin's Order dated May 15, 1995, at 7 (collecting cases). Noting, however, that the Fourth Circuit had not addressed this question, Judge Smalkin ruled for the County. He held that "the authority cited by plaintiffs [was] unpersuasive and [that] the language should be applied as written.... [Thus,] both avenues for correction should be available." *Id.* at 7–8 (citing *Keller v. City of Columbus,* 778 F.Supp. 1480, 1487 (S.D.Ind.1991)).[2]

As the Defendant had not filed a cross-motion for summary judgment on this issue at the time, Judge Smalkin's order did not determine whether the Defendant had actually satisfied the terms of subsection (a)(6). Rather, he denied the Plaintiffs' motion for summary judgment on this issue and held that the County was not foreclosed from relying upon the window of correction defense. Moreover, he invited the County to file a cross-motion for summary judgment on this issue for the Court's consideration. *Id.* at 8 n. 2.

### The County's Motion for Partial Summary Judgment

Taking up Judge Smalkin's invitation, the Defendant now argues that it is entitled to summary judgment on its "window of correction" defense. It is undisputed that Mr. Dull received his suspension solely for disciplinary purposes. Thus, it was not for a "variation[ ] in the quality or quantity of the work performed." Moreover, this Court has been presented with undisputed evidence which demonstrates both a change in policy and an

---

1. Mr. Janz's suspension fell outside the three-year limitations period, and therefore need not be considered for reimbursement. *See* Order dated May 15, 1995, at 3 n. 1.

2. Judge Smalkin also held that regardless of whether 29 C.F.R. § 541.118(a)(6) should be read conjunctively or disjunctively, multiple deductions pursuant to an express policy "can still be inadvertent for purposes of the window of correction...." *Id.* at 8.

intention on the part of the County to comply with § 541.118 in the future. In addition, as set forth *supra,* Judge Smalkin previously found that the County remains prepared to reimburse Mr. Dull for his lost wages. Therefore, the Defendant contends, it is entitled to judgment as a matter of law.

The Plaintiffs do not dispute any of these facts in its response to this Court. Pl.'s Mem. of Law in Opp. to Df.'s Mot. for Part. Summ.J. at 2. As there are no remaining disputes as to any material facts with respect to this issue, the Court shall rule as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Plaintiffs only argument in its opposition memorandum is that "by subjecting this category of employees to pay-docking, the employer has not paid them on a salary basis." Pl.'s Mem. of Law in Opp. to Df.'s Mot. for Part.Summ.J. at 2. Construing this argument most favorably for the Plaintiffs, and due to the indication by the Plaintiffs in note 1 of its memorandum that it disagrees with Judge Smalkin's order, this Court presumes that the Plaintiffs are asking this Court to reconsider Judge Smalkin's holding that subsection (a)(6) of 29 C.F.R. § 541.118 should be read as a conjunctive phrase, rather than as a disjunctive phrase.[3] Regardless, this Court finds no persuasive reason to disagree with Judge Smalkin. As discussed most recently by the Court of Appeals for the Eleventh Circuit in *Lee v. Flightsafety Svcs. Corp.,* 20 F.3d 428 (11th Cir.1994):

> The plaintiffs contend that this window of correction is available only if the error is inadvertent. They have misread the regulation. The window is available "where a deduction not permitted by these interpretations is inadvertent" *or* "is made for reasons other than lack of work." The regulation is clearly written in the disjunctive, so either circumstance suffices. The district court, in denying the summary-judgment motion, stated that some courts

have read the provision conjunctively. Such judicial rewriting of regulations is improper. A court should presume regulations mean what they say. If the executive branch wishes to reconsider them, it is free to do so. Judicial assistance is not required.

*Id.* at 433 (emphasis in the original and citation omitted). *See also Auer v. Robbins,* 65 F.3d 702, 710–11 & n. 7 (8th Cir.1995).

Accordingly, it is this 24th day of January 1996, by the United States District Court for the District of Maryland,

(1) ORDERED that the Defendant's Motion to Reopen BE, and it hereby IS, GRANTED; and it is further

(2) ORDERED that the Defendant's Motion for Partial Summary Judgment BE, and it hereby IS, GRANTED.

---

**3.** *See Perez–Ruiz v. Crespo–Guillen,* 25 F.3d 40, 42 (1st Cir.1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case.").