United States Court of Appeals,

Eleventh Circuit.

Nos. 95-5304, 95-5536.

Bruce W. DAVIS, Mike Rozos, on behalf of themselves and all other present and former employees similarly situated, et al., Plaintiffs-Appellants,

Herbert Chernov, et al., Plaintiffs,

v.

CITY OF HOLLYWOOD, a municipal corporation of the State of Florida, Defendant-Appellee.

Bruce W. Davis, Mike Rozos, on behalf of themselves and all other present and former employees similarly situated, Plaintiffs-Appellants,

Bernice W. Rowe, Herbert Chernov, Ernest W. Atkins, William Shulby, et al., Plaintiffs,

v.

City of Hollywood, a municipal corporation of the State of Florida, Defendant-Appellee.

Aug. 29, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 92-6993-CIV-KLR), Kennety L. Ryskamp, Judge.

Before HATCHETT, Chief Judge, COX, Circuit Judge, and MESKILL[*], Senior Circuit Judge.

HATCHETT, Chief Judge:

In this action based on the Fair Labor Standards Act, we affirm the district court's ruling that the appellee avoided liability through the exercise of the "window of correction."

BACKGROUND

On October 1, 1992, appellants, nineteen present and former management employees of appellee City of Hollywood (the City), filed this lawsuit pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* in the Southern District of Florida. Appellants alleged that the City willfully failed to pay them overtime as required under section 207(a)(1), which provides that covered employers must compensate their employees at a rate of at least time and one-half for all

[*]Honorable Thomas J. Meskill, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1) (1994). Appellants sought unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

The FLSA exempts from section 207(a)(1) any employee employed in a bona fide executive, administrative or professional capacity who receives payment on a salary basis. *See* 29 U.S.C. § 213(a)(1) (1994); 29 C.F.R. §§ 541.1-.3 (1995); *see also Avery v. City of Talladega,* 24 F.3d 1337, 1340 (11th Cir.1994). An employee is considered paid "on a salary basis" if he or she "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his [or her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a) (1995). Thus, to claim exemption from the FLSA's overtime pay requirements pursuant to section 213(a)(1), an employer must prove that the relevant employees meet two tests: the job duties test and the salary basis test. Appellants alleged in their complaint that they did not fall within this exemption because, among other things, (1) "their pay [was] subject to reductions for absences of part of a day"; and (2) the City "reduce[d] their accrued leave in hourly increments for partial day absences."

Upon appellants' motion, the district court bifurcated this lawsuit, deciding to consider first the salary basis test issues. On May 2, 1995, in addressing appellants' motion for summary judgment and the City's partial motions for summary judgment on the salary basis test, the district court made the following findings of fact:

> The plaintiffs concede that they have no evidence of actual pay docking for absences of less than a day since April 1986, the date when the mandate of *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985) became applicable to the public sector. The plaintiffs also concede that they are unaware of any disciplinary suspensions discovered during the course of the litigation which have not been reimbursed by the City's exercise of the so-called window of correction. 29 C.F.R. § 541.118(a)(6). Plaintiffs could produce no other evidence relating to the actual docking of salaries of the City's management employees from 1986 through the present.
>
> ....
>
> There are a total of six disciplinary suspensions from 1986 through the present. Two of these suspensions were for periods of one and two weeks, respectively. The other four suspensions were for periods of less than one week. During the pendency of this lawsuit, the City conducted an audit of the personnel files of all management employees from 1986 through 1994. During the course of the audit, the City became aware of the four suspensions

2

for periods of less than a week, which had not previously been revealed in discovery. Subsequent to the audit, the City reimbursed these four employees. Shortly thereafter, the City also reimbursed the two employees who had been suspended for periods of one and two weeks, respectively. Only one of the suspended employees (the one receiving a one-week suspension) is a plaintiff in this case. The City also adopted a written policy prohibiting unpaid suspensions of any kind for all management employees.

The district court granted summary judgment to the City on the salary basis test, holding in relevant part that the City "properly exercised the window of correction to avoid any liability which might have arisen from "improper' disciplinary suspensions." Thereafter, appellants stipulated to waiver of the job duties test issues and moved for final judgment, which the district court entered on September 21, 1995. On November 30, 1995, the district court granted the City's motion for taxation of costs pursuant to Federal Rule of Civil Procedure 54(d), awarding the City $9,817.11. This appeal followed.

DISCUSSION

Appellants assert two claims of error that we discuss.[1] First, they argue that the district court erred in holding that the City properly availed itself of the "window of correction" set forth in the Department of Labor's regulations. We disagree and uphold the determination of the district court.

The window of correction provides that "where a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future." 29 C.F.R. § 541.118(a)(6) (1995). In this case, the City made deductions for disciplinary suspensions, not for lack of work, and subsequently reimbursed the affected employees and adopted a written policy proscribing unpaid suspensions. In our view, no question exists that under the facts of this case the City comes within the protection of the window

[1]Given our disposition of this appeal, we do not address the appellants' contentions concerning (1) the district court's application of *SEIU, Local 102 v. County of San Diego,* 35 F.3d 483 (9th Cir.1994), *superseded,* 60 F.3d 1346 (9th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 774, 133 L.Ed.2d 726 (1996), to this case, and (2) the propriety of reassignment on remand.

of correction and thus does not lose the section 213(a)(1) exemption. Appellants' arguments to the contrary are without force.[2]

Next, appellants contend that the district court erred in awarding costs to the City pursuant to Federal Rule of Civil Procedure 54(d)(1), which reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed.R.Civ.P. 54(d)(1). Appellants argue that contrary to the district court's holding, section 216(b) of the FLSA controls and precludes an award of costs to the City. That section provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (1994). We agree with the district court's conclusion that section 216(b) does not constitute an "express provision" precluding an award of costs to a prevailing defendant. *See Matthews v. Allis-Chalmers,* 769 F.2d 1215, 1219 (7th Cir.1985) (section 216(b) "merely details the remedies available to prevailing plaintiffs, without addressing the award of costs available to successful defendants"), *overruled on other grounds by Oxman v. WLS-TV,* 846 F.2d 448 (7th Cir.1988). Accordingly, we affirm the district court's award of costs to the City.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

[2]One of the arguments appellants press is that this court erred in holding that the window of correction must be read disjunctively. *See Lee v. Flightsafety Servs. Corp.,* 20 F.3d 428, 433 (11th Cir.1994). We note that the Supreme Court recently embraced this court's view. *See Auer v. Robbins,* --- U.S. ----, ----, 117 S.Ct. 905, 912, 137 L.Ed.2d 79 (1997) ("[T]he plain language of the regulation sets out "inadverten[ce]' and "made for reasons other than lack of work' as *alternative* grounds permitting corrective action.") (second alteration and emphasis in original).