Wayne ARRINGTON, et al., Plaintiffs,

v.

CITY OF MACON, Defendant.

No. 5:91–CV–182–1 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 28, 1998.

Bonnie Kirkland Cole, Robert S. Slocumb, Macon, GA, for Wayne Arrington, Tommy Mauldin, Raymond Moody, Cleveland Robinson, Terry Timley, Sidney Donaldson, Glenn

McMullen, M.C. Harris, Gregory, David Chambers, W.L. Slye, Danny Thigpen, Robert D. Arrington, Alvin Booker, Gary Ussery, Charles Stone, Gary L. Adams, Robert Davis, George Richardson, Brady Fields, Mike Burns, Charles Groover, Cary Parker, Jimmy Barbee, Robert Fuller, Earl E. Collins, John Thigpen, David Matthews, Pete Horton, W.E. Harper, Willie J. May, Henry Gibson, Joe Stiles, Robert Allen, Charles Reynolds, Johnest Straws, Lynn Harbuck, Brenda M. Davis.

Bonnie Kirkland Cole, Robert S. Slocumb, Macon, GA, for Robert Hernandez.

Loretta L. Pinkston, Macon, GA, Susan S. Cole, Charles E. Cox, Jr., Mr., Macon, GA, for City of Macon, defendant.

### ORDER

OWENS, District Judge.

Plaintiffs have moved for an award of costs and attorney's fees under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Title 29 U.S.C. § 216(b) provides that when an employer is found to be in violation of 29 U.S.C. §§ 206 and 207 of the FLSA:

[T]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

This court has granted in part plaintiffs' motion for summary judgment on the issue of whether the City of Macon violated the FLSA with respect to its exempt employees. *Arrington v. City of Macon*, 973 F.Supp. 1467 (M.D.Ga.1997). We ruled that the City had made impermissible disciplinary deductions as well as impermissible partial-week or partial-day deductions from the paychecks of exempt employees. The City's policy permitting such deductions to be made as a practical matter also was found to be violative of the FLSA. We held, however, that the City was entitled to preserve plaintiffs' exempt status under the FLSA by utilizing the "window of correction" provided by 29 C.F.R. § 541.118(a)(6). Specifically, the City could avoid liability for its violations by reimbursing any affected employees and by expressly amending its personnel policy to prohibit improper disciplinary or other deductions in

pay from exempt employees. Our decision as to the continued availability to the City of § 541.118(a)(6) depended on the Supreme Court's recent holding in *Auer v. Robbins*, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). *Auer* held that because the language of § 541.11 8(a)(6) does not address the timing of reimbursement, the employer was entitled to utilize the window of correction to preserve the affected employee's exempt status even at that late stage in the proceedings. *Auer*, 117 S.Ct. at 912.

Defendant contends that plaintiffs do not meet the requirements for being a prevailing party in this case because they have obtained only an interim decision to the effect that the City has temporarily lost the benefit of exempt status until such time as it takes advantage of the window of correction. The City draws our attention to the case of *Davis v. City of Hollywood*, 120 F.3d 1178 (11th Cir. 1997), in which under a similar factual setting the defendant—not the plaintiffs—was held to be the prevailing party. In *Davis*, city employees alleged that the City of Hollywood had violated 29 U.S.C. § 207(a)(1) by failing to pay them overtime compensation. In considering the parties' motions for summary judgment on the salary basis test, the district court found that the City had made a total of six disciplinary suspensions—two for periods of one and two weeks, respectively, and the other four for periods of less than one week. *Davis*, 120 F.3d at 1179. While the lawsuit was pending the City conducted an audit of the personnel files of all management employees, thereby becoming aware of the four suspensions for periods of less than a week which had not been revealed in discovery. After discovering the violations the City reimbursed the affected employees. It shortly thereafter reimbursed the two employees suspended for one and two weeks, and it also adopted a written policy prohibiting unpaid suspensions for exempt employees. *Id.*

The district court granted summary judgment to the City of Hollywood on the employees' claims, holding that it had properly exercised the window of correction to avoid any liability it might have incurred from making improper disciplinary suspensions. After entering final judgment, the district court granted the City's motion for taxation

**1476**

of costs pursuant to FED.R.CIV.P. 54(d). *Id.* The Eleventh Circuit affirmed the ruling that the City had properly availed itself of the window of correction and was entitled to an award of costs. In doing so the court rejected plaintiffs' argument that the express provisions of § 216(b) of the FLSA (which is applicable only to judgments in favor of plaintiffs) was controlling rather than Rule 54 and that an award of costs to defendant was therefore precluded.[1] The court affirmed the ruling below that § 216(b) was not an "express provisions" precluding an award to defendant, as prevailing party, under the general provisions of Rule 54. *Davis,* 120 F.3d at 1180.

The City of Hollywood performed its own audit and undertook to correct the FLSA violations it found by both reimbursing the affected employees and correcting its written policy. The reimbursements and corrections, while made voluntarily by the City of Hollywood, were made during the pendency of the lawsuit and apparently not until after the completion of discovery. The facts of *Davis* are similar if not identical to the facts in the case sub judice. The City of Macon, in contrast to the City of Hollywood, has consistently taken the position that the applicable provisions of the FLSA should not apply to it and has relied only secondarily on the window of correction. Nevertheless, the determinative issue in ruling whether plaintiffs are prevailing parties entitled to costs and attorney's fees is not the City's reluctance to voluntarily admit and correct its FLSA violations, but rather the availability of the window of correction to enable it to do so.

In ruling that the window of correction remained available to the City of Macon, this court declined to find it subject to further liability for FLSA violations provided that it proceeds to correct the violations in the manner contemplated by § 541.118(a)(6). it was the availability of and compliance with the window of correction in *Davis* which led to the district court's finding, left undisturbed on appeal, that the City rather than the plaintiffs was the prevailing party. To accord the present plaintiffs prevailing party

status based on the finding that FLSA violations occurred, without also considering the countervailing effect of the protection afforded the City by § 541.118(a)(6), would conflict with the *Davis* court's underlying assumption that utilization of the window of correction corrected any FLSA violations and left the City in a state of compliance. Therefore, plaintiff's motion for an award of costs, expenses, and attorney fees under 29 U.S.C. § 216(b) is denied.

---

**1.** The *Davis* plaintiffs relied on Fed.R.Civ.P. 54(d)(1), which provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."