Mark **PARESI; Mike Sherman; Michael Cullivan; Alan Orr; James R. Delk, and all other similarly situated employees of the City of Portland; David C. Campbell; Steve Harley, Plaintiffs–Appellants,**

v.

**CITY OF PORTLAND, Defendant–Appellee.**

No. 98–35530.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1999.

Memorandum Filed April 16, 1999.

Order and Opinion Filed June 17, 1999.

William B. Aitchison, Aitchison & Vick, Portland, Oregon, for the plaintiffs-appellants.

Madelyn Wessel, Chief Deputy City Attorney, Portland, Oregon, for the defendant-appellee.

Before: KLEINFELD and HAWKINS, Circuit Judges, and SCHWARZER,* Senior District Judge.

### ORDER

SCHWARZER, Senior District Judge:

The memorandum disposition filed April 16, 1999, is redesignated as an authored opinion by Senior District Judge William W Schwarzer.

### OPINION

Two groups of Portland City employees ("employees") filed suit against the City of Portland ("City") seeking overtime compensation, alleging that the City violated the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (1994), and that the City is not

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

entitled to correct the violations under the FLSA's "window of correction." The district court granted the City's motion for summary judgment, holding that while there was a material issue of fact as to whether the City had violated the FLSA's overtime pay provisions, the City was entitled to invoke the window of correction to avoid liability. We affirm, holding that the window of correction is available to the City.

## BACKGROUND FACTS & PROCEDURAL HISTORY

In 1994, forty-three commanding officers in the Portland Police Bureau filed *Paresi v. Portland*, alleging a City policy of impermissible reductions in their weekly pay. In 1997, nineteen managerial employees from several other City bureaus filed *Delk v. Portland*, making the same allegations. The two cases were consolidated by the district court.

■ Prior to 1994, the City's Charter and personnel policies permitted disciplinary suspensions without pay to be imposed on both salaried and nonsalaried employees. Bureau supervisors also testified in depositions and by affidavit that they believed they had the authority to discipline salaried employees by imposing suspensions without pay for periods of less than a week. The district court found that two of the plaintiffs had been suspended for periods of less than a week resulting in deductions from their weekly pay.[1] Four others were threatened but suspensions were never imposed, while the remaining fifty-seven plaintiffs were neither threatened with nor actually subjected to any impermissible deductions.

In 1994, the City adopted a new employment policy which prohibited any suspensions of FLSA-exempt employees in increments of less than a full week. In 1997, during the course of this litigation, the City acknowledged that the two actual deductions may have been improper, reimbursed the employees, and promised to comply in the future.

The district court granted the City's motion for summary judgment, holding that even if the City had a policy of imposing suspensions of less than a week on otherwise FLSA-exempt employees, it was entitled to resort to the window of correction to avoid overtime liability.

Subject matter jurisdiction arises under 29 U.S.C. § 1331 (1994). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 (1994) and affirm.

## DISCUSSION

■ We review the district court's grant of summary judgment de novo. *See Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

Under the FLSA, covered employers are required to compensate their employees at a rate of at least time and one-half for all hours worked in excess of forty per week, *see* 29 U.S.C. § 207(a)(1), unless the employee works in an "executive, administrative, or professional capacity," 29 U.S.C. § 213(a)(1). To be an executive, administrator or professional, and therefore exempt from overtime, an employee must work "on a salary basis." *See id.;* 29 C.F.R. §§ 541.1–.3, 541.118(a) (1998). Under the so-called "salary basis test," the employee must "receive his full salary for any week in which he performs any work" and his salary may "not [be] subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a). If an employer subjects a salaried employee to an imper-

---

1. Initially, plaintiffs claimed the City had imposed a total of four improper suspensions without pay. Two of the four, however, were permissible week-long Monday–to–Friday suspensions, and are, therefore, not relevant to whether the City had a practice of improper deductions. *See* 29 C.F.R. § 541.118(a) (1998) ("[A]n employee need not be paid for any workweek in which he performs no work."); *Childers v. City of Eugene*, 120 F.3d 944, 946 n. 2 (9th Cir.1997) (holding week-long suspensions do not violate the FLSA).

missible reduction in his weekly pay, the employee ceases to be overtime-exempt. *See id.* The employer will then have to pay overtime unless the employer corrects the impermissible deduction through the so-called "window of correction" provided for in the regulations as follows:

> The effect of making a deduction which is not permitted under these interpretations will depend upon the facts in the particular case. Where deductions are generally made when there is no work available, it indicates that there was no intention to pay the employee on a salary basis. In such a case the exemption would not be applicable to him during the entire period when such deductions were being made. On the other hand, *where a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost* if the employer reimburses the employee for such deductions and promises to comply in the future.

29 C.F.R. § 541.118(a)(6)(emphasis added).

 The employees contend that the window of correction is not available when the employer maintains a "pattern ... or policy of impermissible disciplinary deductions." The facts found by the district court-coming down to two actual instances of arguably impermissible deductions-would not sustain a finding of such a pattern or policy. In any event, the text of the regulation contains no such limitation. "[T]he plain language of the regulation sets out 'inadverten[ce]' and 'made for reasons other than lack of work' as *alternative* grounds permitting corrective action." *Auer v. Robbins,* 519 U.S. 452, 463, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (emphasis in original); *see also Childers v. City of Eugene,* 120 F.3d 944, 947 (9th Cir.1997) (following *Auer* and holding that "the win-

**2.** Plaintiffs contend that their position is supported by the Department of Labor's ("DOL's") interpretation of its regulation, citing to a portion of an opinion letter quoted in DOL's amicus brief in *Auer*. We see nothing in

dow of corrections defense should apply where the deductions in question were *either* inadvertent *or* made for reasons other than lack of work") (emphasis in original). The deductions made and corrected by the City were made for disciplinary reasons, which are "reasons other than lack of work" and, thus, are covered by the window of correction. *See also Davis v. City of Hollywood,* 120 F.3d 1178, 1180–81 (11th Cir.1997) (holding window of correction properly invoked by city having broad disciplinary policy permitting suspensions without pay to correct four disciplinary deductions of less than a week); *Carpenter v. City & County of Denver,* 115 F.3d 765, 767 (10th Cir.1997) (holding broad disciplinary policy and two deductions under unusual circumstances "will not oust exempt status and may be remedied under 29 C.F.R. § 541.118(a)(6)").[2]

 Application of the window of correction on these facts is consistent with the text of the regulation, with precedent, and with the policy underlying the administration of the salary basis test of "avoid[ing] the imposition of massive and unanticipated overtime liability." *Auer,* 519 U.S. at 461, 117 S.Ct. 905.

AFFIRMED.

the cited matter indicating that DOL adopted the limitation on the availability of the window of correction urged by plaintiffs here, nor was this the issue on which the Supreme Court referred to DOL's amicus brief in *Auer*.