NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1252n.06

No.  12-5371

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JAMES ALLEN FRYE, on behalf of himself
and all others similarly situated,

      Plaintiff-Appellant,

v.

BAPTIST MEMORIAL HOSPITAL, INC.,
dba Baptist Memorial Hospital-Memphis, dba
Baptist Memorial Hospital - Collierville, dba
Baptist Memorial Hospital for Women,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
*Dec 04, 2012*
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

BEFORE:  MARTIN and GRIFFIN, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM.  James Allen Frye appeals a district court order denying his motion to tax costs and awarding costs to Baptist Memorial Hospital.

In November 2007, Frye and Clarence Moore, on behalf of themselves and all others similarly situated, filed a collective action under 29 U.S.C. § 216(b) against Baptist Memorial, alleging that Baptist Memorial violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 et seq., by failing to pay its employees for all hours worked, and by failing to pay overtime compensation.  The plaintiffs sought monetary, declaratory, and injunctive relief.  In April 2008,

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Moore was dismissed as a plaintiff. In September 2008, the district court granted in part Frye's motion for conditional class certification. In September 2010, the court granted Baptist Memorial's motion to decertify the collective action and dismissed without prejudice all the plaintiffs except Frye. In April 2011, the court granted summary judgment to Baptist Memorial because Frye failed to file a written consent to join the collective action within the FLSA's statute of limitations. We affirmed both the district court's order decertifying the collective action and the district court's order granting summary judgment to Baptist Memorial. *Frye v. Baptist Mem'l Hosp., Inc.*, No. 11-5648, 2012 WL 3570657 (6th Cir. Aug. 21, 2012).

Following the district court's entry of judgment, Baptist Memorial moved to tax costs against Frye. The Clerk of Court taxed costs against Frye in the amount of $55,401.63. Frye sought review of that decision with the district court. The court adopted the Clerk of Court's decision and awarded the requested costs to Baptist Memorial. On appeal, Frye asserts that the district court's award of costs was improper for the following reasons: 1) the FLSA does not provide for an award of costs to a prevailing defendant, and such an award in this case would have a chilling effect on future claims under the FLSA; 2) Baptist Memorial was not a prevailing party as to the opt-in plaintiffs of the decertified collective action whose claims were dismissed without prejudice; 3) the costs associated with defending against the collective action should not have been taxed against him because the costs were not necessary to resolve his substantive claims; 4) the district court awarded costs that were not recoverable under 28 U.S.C. § 1920; and 5) Frye demonstrated that he would be impoverished if he was required to pay the costs that were awarded.

A district court's award of taxation of costs is reviewed for an abuse of discretion. *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (citation omitted). We review de novo purely legal determinations, including matters of statutory construction. *United States v. Felts*, 674 F.3d 599, 602 (6th Cir. 2012); *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 738 (6th Cir. 2007).

Frye argues that the FLSA does not provide for an award of costs to a prevailing defendant and that such an award in this case would have a chilling effect on future claims under the FLSA. The Federal Rules of Civil Procedure state that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The FLSA provides that, "in addition to any judgment awarded to the plaintiff or plaintiffs," the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Because section 216(b) addresses only an award of costs to a prevailing plaintiff and neither section 216(b), nor any other provision of the FLSA precludes an award of costs to a prevailing defendant, the district court properly found that a prevailing defendant can recover costs under the FLSA. *See Davis v. City of Hollywood*, 120 F.3d 1178, 1181 (11th Cir. 1997). In addition, the district court reasonably concluded that awarding costs to Baptist Memorial would not have an unwarranted chilling effect on future claims under the FLSA. *See Reger v. Nemours Found., Inc.*, 599 F.3d 285, 289 (3d Cir. 2010).

Frye next argues that it was improper for the district court to award to Baptist Memorial the costs it incurred defending against the collective action for two reasons: 1) Baptist Memorial was

not a prevailing party as to the opt-in plaintiffs whose claims were dismissed without prejudice following decertification; and 2) the costs were not necessary to resolve Frye's individual claims. Because Baptist Memorial successfully obtained decertification of the collective action and summary judgment on Frye's claims, it was the prevailing party for purposes of the entire action, *see Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012), and the district court did not abuse its discretion in awarding costs to Baptist Memorial. Further, the court reasonably declined to apportion the costs associated with decertification among the opt-in plaintiffs, given that those individuals were not notified that they may be responsible for defense costs and did not consent to such an apportionment.

Frye next argues that the district court erred by awarding costs to Baptist Memorial for optical character recognition imaging, which translates images of text, such as scanned documents, into actual text characters. The district court properly concluded that these costs were recoverable under section 1920(4) as exemplification costs. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2007 (2012).

Finally, Frye argues that the district court erred by awarding $55,401.63 in costs because he demonstrated that he would be impoverished if he were required to pay that amount. Frye relied on an affidavit stating that he earns approximately $75,000 per year and that he has estimated monthly expenses of $3,190. Given Frye's level of income and expenses, the district court did not abuse its discretion by concluding that Frye failed to demonstrate that he was unable to pay the costs awarded to Baptist Memorial. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

No. 12-5371
*Frye v. Baptist Mem'l Hosp., Inc.*

We affirm the district court's judgment.